COMMONWEALTH *vs.* EDWARD FULLERTON. December 9, 1981. The defendant has appealed from his conviction on an indictment charging unnatural rape. He argues five assignments of error.

1. The first and fifth assignments concern the judge's failure to charge as requested, and the second claims error in an instruction given by the judge. Regarding the fifth assignment, we note that during the course of the pre-charge conference on counsel's requests for instructions, the judge indicated that he would "tell them about fresh complaint and . . . discuss corroborating witnesses." Following that statement, counsel "reserved [his] right to object after the charge." The judge did not give a charge on this point as predicted. However, no question concerning any of these claimed shortcomings in the charge was raised before the judge until almost two hours after the jury had retired to consider the case. These assignments are not properly before us. Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979).

2. There was no error in the denial of the defendant's motion for a mistrial, as claimed in the third assignment. The motion was made when the victim's aunt called out "liar" at a point during the defendant's testimony. The judge gave prompt and forceful instructions which, we have no doubt, cured any possible prejudice. See *Commonwealth* v. *Eagan*, 357 Mass. 585, 589 (1970). We cannot assume that they did not have their intended effect. *Commonwealth* v. *Jackson*, 384 Mass. 572, 579 (1981). *Commonwealth* v. *Lee*, 4 Mass. App. Ct. 453, 459 (1976). The choice of instructing the jury rather than granting a mistrial was within the judge's discretion. *Commonwealth* v. *Flowers*, 5 Mass. App. Ct. 557, 568 (1977).

3. The fourth assignment raises two discrete issues. One concerns a question which was objected to but not answered even though the objection to it had been overruled. A new (and proper) question was phrased in a substantially different form and was answered. It was not objected to and is not before us. The other issue concerns the propriety of certain questions (essentially neutral) put to a medical witness by the judge. Here again there was no objection, and there is nothing before us. *Commonwealth* v. *Fiore*, 364 Mass. 819, 826 (1974). *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 846 (1980).

Rescript Opinions.

4. Our examination of the record satisfies us that there is no substantial risk of a miscarriage of justice occasioned by any action of the judge in the matters discussed above in parts 1 and 3. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

*Judgment affirmed.*

*John C. McCullough* for the defendant.

*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.